The Mayor, &c., of New-York agt. The Exchange Fire Insurance Company.

## SUPERIOR COURT.

THE MAYOR, &C., OF NEW-YORK agt. THE EXCHANGE FIRE INSURANCE COMPANY OF NEW-YORK.

*It seems*, that the *corporation counsel* of the city of New-York, with the authority of the mayor and comptroller, can delegate his power to other counsel, and authorize them to appear and represent the city in actions brought by the mayor, &c.

*New - York Special Term, June,* 1859.

THIS was an application for a stay of proceedings or a dismissal of complaint in this action, upon grounds which will appear in the following opinion.

WAKEMAN & LATTING, *for motion.*
MANN & RODMAN, *opposed.*

HOFFMAN, Justice. The main ground relied upon is, that Mann & Rodman, the attorneys on the record for the plaintiffs, are not authorized by law to appear for such plaintiffs; that the corporation counsel is the only person so authorized; and that Richard Busteed, Esq., is such counsel.

It appears by the affidavit read in opposition, that the present attorneys have the authority of the mayor and comptroller for appearing in the action, and that Mr. Busteed has given his assent thereto in writing. Such assent has been produced and it is as follows:

"NEW-YORK, June 6th, 1859.

" *Messrs. Wakeman & Latting,*

" GENTLEMEN :—In reply to your note, under the date of May 31st, I beg leave to inform you that Messrs. Mann & Rodman are fully authorized to represent the city, in the suits now pending against certain Insurance Companies, for underwriting the Crystal Palace, and their legal acts in the premises will be approved of by me.

"Respectfully, yours,

" RICHARD BUSTEED, *Corporation Counsel.*"

By the charter of April 14th, 1857, there was created an executive department of the corporation, known as the law

department, which should have the charge of and conduct all the law of the corporation, known as the law department, which should have the charge of and conduct all the law business of the corporation and of the departments thereof, and all other law business in which the city shall be interested, and the chief officer thereof should be called the counsel to the corporation (§ 20). Such counsel was to be elected by the people (§ 10), and to hold for a given term, unless removed for cause. Richard Busteed now fills, and did fill, such office at the institution of this suit.

By the 28th section, "the common council was empowered to establish other bureaux as they may deem the public interests may require, and to assign to them and to the departments and bureaux herein created such duties as they may direct, not inconsistent with this act, and the duties thereof shall be performed in accordance with the charter, and laws and ordinances of this city."

No ordinance establishing or defining the powers of the law department, or the powers of its officers, has been produced. I am not at liberty to notice any which may exist. It may be that the common council have expressly, or by a warrantable inference, authorized the counsel to delegate his power to appear, to another. I must assume that the present counsel considers that he does possess that authority, and I have nothing before me to justify the conclusion that his view of his official duty is incorrect. The argument, therefore, that he is clothed with a trust of office which he cannot give to another, so far, at least, as an appearance on the record is concerned, cannot avail. Motion denied without costs.